IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MELVIN SPEARS, et al. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-00072-SDJ-AGD |
| | § | |
| FREEDOM MORTGAGE CORPORATION | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On December 4, 2023, Plaintiffs Melvin Spears and Roslyn Spears ("Plaintiffs") filed an Original Petition against Defendant Freedom Mortgage Corporation ("Defendant") in the 380th District Court in Collin County, Texas. (Dkt. #2). Plaintiffs brought suit against Defendant to enjoin Defendant from foreclosing on Plaintiffs' home located at 602 Savannah Dr., Josephine, Texas 75173 and for violations of the Texas Property Code and the Real Estate Settlement Procedures Act (Dkt. #2 at pp. 2–7). Defendant subsequently removed this case to this court on January 25, 2024.

On February 1, 2024, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #4). Plaintiffs never filed a response. Then on February 5, 2024, United States District Judge Sean D. Jordan issued an Order Governing Proceedings, requiring the parties to submit a Joint Rule 26(f) Report by March 12, 2024 (Dkt. #5). On February 8, 2024, this case was referred to the undersigned for pretrial proceedings. On March 13, 2024, Defendant filed a Report without input from Plaintiffs (Dkt. #8). Defendant's counsel stated that on two separate occasions, he attempted to confer with Plaintiffs' counsel, but "Plaintiff's [*sic*] counsel did not respond." (Dkt. #8 at p. 6). On March 25, 2024, the court ordered the parties to jointly prepare a Rule 26(f) Report by March 29, 2024; otherwise, the parties would be required to appear in person

REPORT AND RECOMMENDATION – Page 1

for a show cause hearing on April 3, 2024 (Dkt. #9). Additionally, the court ordered Plaintiffs to file a response to Defendant's Motion to Dismiss by April 5, 2024 (Dkt. #9). The court admonished Plaintiffs that failure to respond may result in a recommendation of dismissal for failure to prosecute (Dkt. #9). On April 1, 2024, Defendant's counsel notified the court that Plaintiffs did not comply with the court's order. On April 3, 2024, the court held a show cause hearing. Neither Plaintiffs nor their counsel attended the hearing. The court attempted to contact Plaintiffs' counsel during the hearing, but was unsuccessful. On July 29, 2024, Defendant advised the court that Plaintiffs failed to file a response to its Motion to Dismiss as ordered (Dkt. #12). Defendant further advised the court that Plaintiffs paid the reinstatement amount, and their loan was no longer in default (Dkt. #12).

A district court may dismiss an action for failure to prosecute or to comply with any court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); *see also* FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court abused its discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979) (citation omitted); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (citation omitted). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

Here, the court ordered Plaintiffs to file a Joint Rule 26(f) Report by March 29, 2024 (Dkt. #9). Plaintiffs failed to comply with the Order or otherwise prosecute this lawsuit. Plaintiffs' counsel failed to appear for the show cause hearing on April 3, 2024, as ordered (Dkt. #11).

Defendant's counsel stated that he has not been in contact with Plaintiffs' counsel since the end of February 2024 or beginning of March 2024. During the hearing, the court attempted to call Ryan Aaron Daniel, attorney for Plaintiffs, but Mr. Daniels did not answer. Also, during the hearing, the court noted that the March 25, 2024, Order, (Dkt. #9), directed Plaintiffs to file a response to Defendant's Motion to dismiss by April 5, 2024. The court admonished that it would recommend dismissal without prejudice for failure to prosecute if Plaintiffs do not file a response to Defendant's Motion to Dismiss by the April 5, 2024, deadline. To date, Plaintiffs have not filed a response. Additionally, Plaintiffs' loan—which is the subject of the instant lawsuit—is no longer in default. Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court orders. FED. R. CIV. P. 41(b); s*ee Isom v. Indio Mgmt. at the Everly*, No. 4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 (E.D. Tex. Oct. 20, 2021) ("The court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021).

## RECOMMENDATION

For the foregoing reasons, the court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 29th day of August, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE